IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12147-P

_____

WILLIE JAMES PYE,

                                                                                   Petitioner-Appellant,

versus

WARDEN, GEORGIA DIAGNOSTIC PRISON,

                                                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

ORDER:

    Willie Pye, a Georgia prisoner sentenced to death after his convictions for malice murder, armed robbery, burglary, and rape, filed this 28 U.S.C. § 2254 petition. Mr. Pye has a certificate of appealability ("COA") from the district court, and he now asks this Court to expand his COA.

    An appeal from a final order in a federal habeas corpus proceeding may not be taken without a COA. *See* 28 U.S.C. § 2253(c)(1)(B). The COA must certify that "the applicant has made a substantial showing of the denial of a constitutional right," and must "indicate which specific issue or issues satisfy the showing required." *Id.* § 2253(c)(2), (3). A petitioner satisfies § 2253(c)(2) "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims *or* that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (emphasis added)

Here, Mr. Pye has satisfied the standards for obtaining a COA on the additional claims he proposes because they "are adequate to deserve encouragement to proceed further." *See id.* Thus, Mr. Pye's COA is expanded to address the following:

(1) Whether the district court erred in denying Mr. Pye's claim that he was denied his Sixth Amendment right to conflict-free counsel because his attorney had a crushing caseload, questioned Mr. Pye's credibility after he complained about his representation, and had previously represented the murder victim and her boyfriend;

(2) Whether the district court erred in denying Mr. Pye's claim that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it suppressed impeaching evidence regarding a state witness; and

(3) Whether the district court erred in denying Mr. Pye's claim that the cumulative effect of the trial errors denied him due process.

_____
UNITED STATES CIRCUIT JUDGE